## Noah Preston *v.* William P. Briggs.

As between vendor and vendee of the inheritance in freehold estates, all fixtures pass to the vendee. The same rule obtains between mortgagor and mortgagee.

As between landlord and tenant, any erections made by the latter, which he has a right to remove, must be removed by him previous to the expiration

Preston *v.* Briggs.

of his term, or at least within a reasonable time after. If the tenant, or one erecting buildings by license on the land of another, permit them to remain in the possession of the owner of the freehold for more than six years after the expiration of the term, or the abandonment of possession, the statute of limitations will bar all claim for their recovery.

If a stranger, by permission of the mortgagor, given after the law day is passed and during the pendency of a suit for foreclosure of the mortgage, erect a barn upon the premises, he acquires no right to remove the barn, as against the mortgagee, who comes into possession by virtue of a decree of foreclosure.

TRESPASS for entering upon the land of the plaintiff, and removing therefrom a barn. Plea, the general issue, with notice of special matter, and trial by jury.

It appeared, from the testimony introduced on the part of the plaintiff, that, on the 3d of November, 1825, David Sears, who was then the owner of the *locus in quo,* conveyed the same by mortgage deed to one Averill, and that the law day, in said mortgage limited, expired Jan. 1, 1828 ; that an action of ejectment was brought in favor of said mortgagee March 13, 1828, on which judgment for the possession was rendered in August, 1828, and time for redemption given to Sept. 1, 1829.; that the premises were not redeemed, and the writ of possession was executed Jan. 1, 1830. The title to the premises came through several intermediate grantees to the present plaintiff, by deeds of warrantee in the usual form, and with the usual covenants, except that the deed to the plaintiff contained an exception, " that, if there should be any lawful claim " to the barn in question, the grantor should be holden for the sum of $25 only. It also appeared that possession of the premises had followed the title.

The defendant introduced testimony tending to prove that one Alexander Sears, son of said David Sears, who resided, a single man, with his father, built the barn in question on the premises, with the consent of his said father, in the summer of 1828, and, on the 9th day of September, 1829, sold and conveyed the same by deed to one Lapham, and that the defendant, by the direction of the said Lapham, took down and carried away the said barn in July, 1838, which is the taking complained of. It appeared that said Alexander had notice of the pendency of the action of ejectment,

Preston *v.* Briggs.

and was bail for his father on the original writ. The barn was of wood, resting on a stone underpinning all round.

The court charged the jury, that, even though they should find that Alexander Sears, by the consent of his father, built the barn as contended, and sold it to said Lapham, still, there having been an action of ejectment brought, and judgment thereon, and an execution of the writ of possession issued on it, the said Alexander, and all claiming under him, would, by suffering the same to remain on the premises until after the forclosure of the mortgage, and to the time at which this trespass was committed, be concluded from taking the same away, — and directed a verdict for the plaintiff. Exceptions by defendant.

*Briggs & Richardson* for defendant.

1. We insist that the barn in question was personal property, and that, as such, it was liable to be sold on execution against Alexander Sears at the date of his deed to Lapham. *Wells* v. *Bannister & Tr.* 4 Mass. 514. *Culling* v. *Tuffnal*, B. N. P. 34. 3 Pow. on Mort. 1041. *Naylor* v. *Collinge*, 1 Taunt. 20. *Penton* v. *Robart*, 2 East 88. *Elwes* v. *Maw*, 3 East 38. *Doty* v. *Gorham et al.*, 5 Pick. 487. Sl. St. 297. *Penhallow* v. *Dwight*, 7 Mass. 34. *Gould* v. *Webster*, 1 Tyl. 409.

2. The case shows that Alexander Sears was the equitable owner of the barn on the day of the service of the writ of possession. The failure of David Sears to redeem could not vest the property of Alexander in Averill,—especially when Alexander was not a party to the suit. *Nason* v. *Blaisdell*, 12 Vt. 165.

3. The barn in question was not a part of the pledge for the payment of the debt. It was not there when the mortgage was executed. It was not placed there by the mortgagor, but by a third person. The writ of possession, it is true, required the officer to deliver the land described in the mortgage, with the appurtenances; but that could only mean those appurtenances that were pledged for the debt. *Taylor* v. *Townshend*, 8 Mass. 411.

4. The plaintiff had notice, at the time of his purchase, of the true ownership of the barn, as appears from the exception in his deed; hence he can claim none of the equities which would attach

Preston *v.* Briggs.

to a purchaser without notice. *Smith* v. *Low*, 1 Atk. 489. *Marshall* v. *Fisk*, 6 Mass. 24. 4 Dane's Ab. 19.

5. The case of *King* v. *Catlin*, 1 Tyl. 355, would seem decisive of the present case. There a house, belonging to one not the owner of the freehold, was held personal property. The decision in that case is fully sustained by the cases, *Van Ness* v. *Pacard*, 2 Peters 137; *Holmes* v. *Tremper*, 20 Johns, 29; *Raymond* v. *White*, 7 Cow. 319; Chit. on Cont., Ed. of 1842, pp. 354—60; *Marcy* v. *Darling*, 8 Pick. 283.

6. The fact that David Sears was mortgagor of the premises, at the time he gave his son permission to build the barn in question, cannot alter the case. He was the *owner* of the land at the time, and had sufficient right to have enabled him to maintain trespass against the mortgagee. *Runyan* v. *Mersereau*, 11 Johns. 534. *Jackson* v. *Bronson*, 19 Johns. 134, 325.

7. The lapse of time cannot avail the plaintiff. He took his deed in February, 1833, and then had notice of the claim, and the barn was taken away in July 1838, which was less than six years from that time.

*D. A. Smalley* and *C. D. Kasson* for plaintiff.

I. The barn in question was not a *chattel*, but a fixture. If a mortgagor erect such a fixture, he will be concluded by the foreclosure, and may even be subjected to an action of waste before the expiration of the time for redemption, if he attempt to remove it; and the same is true of vendor and vendee. 1 Co. Litt. lib. 1, § 1, note 4, a. 1 Atk. 175. *Fitzherbert* v. *Shaw*, 1 H. Bl. 258. *Lee* v. *Risdon*, 7 Taunt. 188, [2 E. C. L. 69.] *Colegrave* v. *Dias Santos*, 2 B. & C. 76, [9 E. C. L. 30.] 1 Br. & Bing. 506, [5 E. C. L. 167. Pow. on Mortg. 1042, note 11. Ib. 1041, note 1. *Taylor* v. *Townsend*, 8 Mass. 415–16. *Union Bank* v. *Emerson*, 15 Mass. 159. Ferrard on Fixt. 189.

II. The case shows nothing that can give Alexander Sears, or his grantees, any greater rights than belonged to David Sears.

1. If his license were a license to build, or a mere license generally to enter and enjoy at his pleasure, he could not convey it; for a license is personal, and does not run with the land, and is not transferable. *Fentiman* v. *Smith*, 4 East 107. Ham. N. P. 206–8.

2. If it amounted to a license to *enjoy*, then it became an *easement*, within the statute, and can only pass by deed. *Cook* v. *Stearns*, 11 Mass. 536.

3. If Alexander was tenant at will, he should have removed his fixtures before the determination of his estate. *Taylor* v. *Townsend*, 8 Mass. 416. *Lee* v. *Risdon*, 7 Taunt. 188. *Colegrave* v. *Dias Santos*, 2 B. & C. 76. 1 Brod. & Bing. 506.

4. If he stood in place of the mortgagor, he could not remove the barn at all. *Union Bank* v. *Emerson*, 15 Mass. 159. Nor could he, if the barn was part of the freehold. *Thresher* v. *Water Works Co.*, 2 B. & C. 608, [9 E. C. L. 198.] *Steward* v. *Lombe et al.*, 1 Brod. & Bing. 506, [5 E. C. L. 167.]

III. After ten years' peaceable possession of a fixture by the landlord, the law will presume an *abandonment* to him. *Barnes* v. *Barnes*, 6 Vt. 388. And, if the barn is to be considered a chattel, then, in analogy to the statute of limitations, the party would be concluded from asserting his right after the lapse of six years.

IV. The case shows that the license was given by the mortgagor, after the law day had expired. This could not conclude the mortgagee, and, as against him, the building was erected at the peril of the licensee. 1 Pow. on Mort. 165, note 1. *Smith* v. *Goodwin*, 2 Greenl. 173. *Peterson* v. *Clark*, 15 Johns. 205. *Prince* v. *Case*, 10 Conn. 375.

The opinion of the court was delivered by

REDFIELD, J. The present case having been twice argued at the bar, and the defendant and his counsel having, at different times, urged the strong equity of their case, with great fairness and ingenuity, upon the court, we have been disposed to make the most of it, which the rules of law will allow. The wide range of the argument will preclude our going into the case in detail.

There are some few propositions, which we think fully settled by adjudged cases.

1. That as between vendor and vendee of the inheritance in freehold estates, all fixtures pass to the vendee. *Colegrave* v. *Dias Santos*, 9 Eng. C. L. 30. This case was decided on full argument in the King's Bench, before Ch. J. ABBOTT, (LD. TENTERDEN,) and his associates, so late as 1823. It is there laid down, as settled

Preston *v*. Briggs.

law, that the rule is the same, as to fixtures, between vendor and vendee, that it is between the heir and the executor. The heir, in conveying the freehold without reservation, is presumed to convey it as he receives it. The same rule is recognized, as the settled law upon the subject, by Chancellor Kent, in the latest edition of his Commentaries, vol. 2, pp. 345–6, and the authorities cited and compared in a very elaborate note. Numerous cases in favor of the proposition, both English and American, are there cited. The same rule, too, obtains between mortgagor and mortgagee. 2 Kent 346, in note. 2 Stark. Ev. 1246–7, and note. *Steward* v. *Lombe*, 5 Eng. C. L. 167. *Union Bank* v. *Emerson*, 15 Mass. 159.

2. It seems equally well settled that all fixtures for the time being are a part of the freehold, and that, if any right to remove them exist in the person erecting them, this must be exercised during the term of the tenant,—and if not so done, the right to remove is lost, and trover cannot be maintained for a refusal to give them up; Ch. J. GIBBS, in *Lee* v. *Risdon*, 2 Eng. C. L. 69, cited with approbation in *Colegrave* v. *Dias Santos*, before referred to.

3. I take it for granted that if the defendant could not have maintained trover for this building, it will hardly be contended he can justify entering and removing it from the plaintiff's freehold. The law will always give a party redress by action, where it will justify a forcible entry upon lands, or forcible recaption of personal property for that purpose.

4. It will hardly be contended, I apprehend, that the defendant's rights in the present case can be superior to David Sears' rights, from whom they are exclusively derived.

To apply these principles and *postulates* to the facts in the present case, it will be apparent how impossible it is for the defence to prevail.

It may well be conceded that, as between Alexander Sears and his father, Alexander had the right, at the time he left the premises, and perhaps within a reasonable time thereafter, which, at farthest, could only extend to a few days, to remove the barn. The case of *Barnes* v. *Barnes*, 6 Vt. 388, would seem to justify this conclusion. But even in that case it could not be permitted to Alexander, and those claiming under him, to remove the barn after the lapse of more than six years. The most that could be urged in favor of

17

such a claim is, that the court should treat the *right* of Alexander, and of the defendant, who stands in his place, as to the *ownership* of the barn, *as personal property.* But, in this view, which is most favorable to the defendant, the claim will be barred by the statute of limitations in six years. And, after all right of action is barred by lapse of time, it will hardly do to say that the party may redress himself *by force.* It is well settled, I take it, at the present day, that the title to personal property may be lost, or gained, by six years' adverse possession. And the effect of this adverse *possession* will not be defeated or affected by any *notice* of an adversary *claim.* So that, as between the defendant and David Sears, it will be impossible to make good this defence ;

1. Because it was not asserted at the time Alexander Sears, and those who stand in his place, quit the possession of the barn, and is therefore lost by abandonment, or waiver.

2. Because if the defendant, and those under whom he claims, had been forcibly prevented from asserting their claim and removing the barn at the proper time, and so a right of action had actually accrued to them, at that time, all right would now be barred by the statute of limitations, and all remedy lost by lapse of time. This is the most favorable view of the case for the defendant.

But in truth this case is not so favorable for the defendant as if his claim were made against those standing in the right of David Sears.

The plaintiff claims in right of the mortgagee of David Sears, by deed of mortgage, executed on the 3d day of November, 1825, on which the law day had expired, and suit for foreclosure was actually brought, before this barn was erected. In this state of facts the barn was erected by permission of the mortgagor. It was erected in the ordinary way, and for the ordinary purposes of agriculture ; and being done after the estate had passed to the mortgagee, and *pendente lite* for an actual foreclosure, the person erecting it did it at his peril. The record of the mortgage deed, and the pendency of the suit for foreclosure, were full notice to Alexander Sears that whatever permanent structures, or even fixtures, he put upon the land by the permission of David Sears would pass to the mortgagee, unless the premises were redeemed. The case in law is the same

as if the erections had been made by David Sears. In either view of the case, the rights of the plaintiff are superior to those of the defendant.                    Judgment affirmed.