HARVEY YALE *v.* MICHAEL SAUNDERS AND JOHN SAUNDERS.

A defendant in an action of trover cannot be found guilty of a conversion of the property upon evidence, merely, of a demand and refusal, unless the property was in some way subject to his control.

If property, of the conversion of which the defendant in an action of trover has been technically guilty, be shown to have subsequently gone into the possession and under the control of the plaintiff, who sues in trover, and to his use, this will go in mitigation of damages, though no agreement be shown, on the part of the plaintiff, that he would receive it;—but not in bar of the action.*

*The distinction in this class of cases appears to be this. If there was a wilful taking of the property, or a wilful and unqualified refusal to surrender it on demand, or the property have suffered any injury, or deterioration in value, the defendant cannot compel the plaintiff to accept the property, even in mitigation of damages. *Hart* v. *Skinner, ante,* p. 138. *Green* v. *Sperry, post,* in Bennington Co. *Olivant* v. *Perineau,* Str. 1191. *Fisher* v. *Prince,* Burr. 1363. *Shotwell* v. *Wendover,* 1 Johns. 65. But, if the property came lawfully into the defendant's possession, and his refusal to surrender it was qualified, or the conversion was *technical* only, or without wilful wrong on the part of the defendant, and the property remain strictly *in statu quo,* the defendant may compel the plaintiff to accept it in mitigation of damages. *Pickering* v. *Truste et al.,* 7 T. R. 53. *Hayward et al.* v. *Seaward et al.,* 1 Moore and Scott 459, [28 E. C. L. 269.] Or he may show, in mitigation of damages, that the property has gone into the plaintiff's possession, and to

TROVER.  The declaration contained two counts, alledging in the first the conversion of sixty sheep, and in the second the conversion of several horses, &c.   Plea, the general issue, and trial by jury.

Testimony was introduced by both parties in reference to the alledged conversion, and exceptions were taken by the plaintiff to the charge of the court upon that point; but, the verdict being for the plaintiff, that part need not be detailed.

The evidence tended to show that the property in question was attached as the property of the plaintiff, and.put on to the farm of the defendant Michael Saunders, and that the property was demanded from him by the plaintiff, after the attachment was dissolved; and that the defendant John Saunders was the son of Michael Saunders, living with his father and working for him on the farm, but having no control of the farm, or of the business connected with it, except by the permission of his father.   At the time the property specified in the second count was demanded of Michael Saunders by the plaintiff, Michael said he should first consult John Saunders, who did his business for him, before he did anything about it. Soon afterwards a conversation ensued between Michael and John ; but there was no evidence tending to show what was said by either of them.   After this, Michael refused to surrender the property. Upon this point the court charged the jury, that, in order to con-

---

his use, though it do not appear that the plaintiff expressly consented to receive it, as affecting his remedy against the defendant.   *Yale* v. *Saunders, et al., ub. sup.   Reynolds* v. *Shuler,* 5 Cow. 323.   *Baldwin* v. *Porter,* 12 Conn. 473.   So, if the property have so gone to the plaintiff's use, that the law will *imply an acceptance,* that fact may be shown in mitigation of damages. *Plevin* v. *Henshall et al.,* 10 Bing. 24, [25 E. C. L. 17.]   *Irish* v. *Clayes et al.,* 8 Vt. 30.   *Stewart* v. *Martin, post,* Bennington Co.   And where the action is peculiarly in the nature of *detinue,* as for *title deeds,* or for *letters,* the court will grant a rule that the judgment for damages be discharged on re-delivery of the thing sued for, placing the plaintiff in as good situation as he was in before the cause of action arose, and payment of costs.   *Coombe* v. *Sampson,* 1 Dowl. and Ryl. 201, [16 E. C. L. 32.]   *Earle* v. *Holderness* 4 Bing. 462.   But a rule for staying proceedings in an action of trover will not be granted, on payment into court of the *value* of the goods converted, if there be any controversy between the parties as to that value.   *Tucker* v. *Wright,* 3 Bing. 601, [13 E. C. L. 64.]   *Gibson* v. *Humphrey,* 1 C. & M. 544.

stitute a conversion of the property by John Saunders, as shown by the demand and the refusal to surrender it, they must be satisfied that the property was in some way subject to his control, and that he, upon demand, either himself, or jointly with his father, refused to deliver it to the plaintiff.

Evidence was given by the defendant, tending to show that the property in question, after the alledged demand and refusal, went back into the possession and control of the plaintiff, and was upon his premises, and subject to his disposition. Upon this point the jury were told by the court, that, though they should find that there had been a conversion of the property, yet if, from the whole evidence in the case, they believed that the property had subsequently gone back into the possession and control of the plaintiff, and to his use, that would go in mitigation of damages, though no agreement was shown on the part of the plaintiff, that he would receive the property; — but that it would not go in bar of the plaintiff's action. No conversion was shown or claimed, other than as implied from the alledged demand and refusal.

The jury returned a verdict in favor of John Saunders, and against Michael Saunders for $2.41. Exceptions by plaintiff.

*E. D. Barber* and *C. Linsley* for plaintiff.

1. The court erred in their charge in relation to the rule of damages. 3 Stark. Ev. 1502.

2. Also, in relation to the liability of John Saunders. The property being in the possession of Michael Saunders, if John counselled and advised Michael not to deliver it upon demand, and, by not delivering it, Michael became liable to the plaintiff, then John became liable also. The action sounding in tort, all who were connected with the tortious act as advisers, aiders, or abetters, are liable as principals.

*H. Seymour* for defendants.

The opinion of the court was delivered by

Williams, Ch. J. This case comes before us on exceptions by the plaintiff to the charge of the court. We have not thought it necessary to say any thing as to the first point made, that is, whether

the court charged correctly on the subject of conversion. The jury have found that there was a conversion; — whether, therefore, the court were correct or incorrect in the doctrine laid down on that subject, the jury have found that fact; and this was all the plaintiff could have expected, if the charge had been as he requested.

The jury probably found that the goods sued for were returned before action brought. The return of the goods stands in the place of paying for their value, and is to be considered in mitigation of damages. Indeed courts may, on motion of the defendant, order a return of goods in some cases, against the wishes of the plaintiff, and such return will reduce the damages to those actually sustained in consequence of the wrongful taking. This was decided at the last term of this court (see *ante* p. 138,) in Chittenden county. In relation to John Saunders, the charge to the jury appears to have been substantially correct, and the case properly left to them. Whether they understood John Saunders as participating with his father can only be learned from their verdict; and with their views of the testimony, and the importance attached to any particular part, we have nothing to do.

The judgment of the county court is therefore affirmed.