† BOOBIER, *prochien ami, versus* BOOBIER.

A minor son allowed by his father to leave him and work for his own support, and make contracts for himself without interference, may acquire and hold property in his own right, and maintain actions at law respecting it, although he has never been emancipated.

One of the owners of chattels held by tenants in common, may maintain an action for the value of his property against any one who appropriates the *whole* to the exclusion of his possession in common.

A person who has no possession actual or constructive of property demanded of him by the owner, nor has previously wrongfully possessed or withheld it, cannot be made liable in an action of trover for refusal to deliver it, although he may have withstood the efforts of the owner to obtain possession, or prevented him by force.

On Exceptions from *Nisi Prius*, APPLETON, J., presiding.

TROVER. The general issue was pleaded, and the property alleged to be converted was denied to be in the plaintiff, or that there was any conversion by defendant.

The plaintiff is an infant, and evidence was produced tending to show emancipation by his father, who is still living, and that the property in question, was acquired by the joint exertion of plaintiff and his mother, without either aid or objection by the father; and also that plaintiff acquired it solely by his own efforts unmolested by his father.

Plaintiff, his mother and younger brother lived together in a part of defendant's house, the latter occupying the other part. A barn was also attached.

From the evidence reported, it appears, that the property sued for was a cow, hog, some farming tools and household furniture, but no schedule is found in the case.

The parties had some difficulty, when the plaintiff left the house hastily, without any change in the condition or possession of the property claimed, and soon after came with a cart and drayman, saying that he had come "to get his things." Defendant told him he had no things there. Plaintiff attempted to open the barn door, when the defendant forcibly resisted him, and after a personal encounter the plaintiff was induced to desist, being told by defendant that he might take any thing he had there.

The counsel for defendant requested the following instructions : —

1. If plaintiff left the cow and other property in the possession of his mother in the same manner and in the same place as they had been accustomed to be kept or used, the defendant could not be guilty of a conversion, unless he

assumed to hold possession of them against the lawful holder of them.

This was given with the addition, "unless the defendant in some way withstood the efforts of plaintiff to get the property."

2. If the mother had the joint right of possession with plaintiff, he could not rightfully claim exclusive possession, until the preëxisting arrangement for the joint possession had been terminated by some proper act of the parties, whether the property of the father or the son, or the son and his mother together.

3. If the mother and son had the joint right of possession by right of joint property, the action could not be maintained.

These requests were denied and these instructions given:

If they found that plaintiff's father had suffered him to go from him and work for his own support and make contracts for himself without interference, they might then infer an emancipation, which would enable the plaintiff, though a minor, to acquire and hold property in his own right, and against the rights of his father; — *that*, to recover, plaintiff must show that he owned the goods, and owning them there was a conversion by defendant; — *that*, to make a conversion, there must have been a demand and refusal to deliver, by one having the goods in possession, unless defendant had by force prevented plaintiff from getting possession, or in some way withstood his efforts to get them, and in that case it would be a conversion, whether defendant had possession or not.

Verdict for plaintiff.

*Gilbert*, in support of the exceptions.

*Clapp & Baker, contra.*

Tenney, J. — A minor under the age of twenty-one years, may acquire and hold property in his own name, distinct from that of his father, at the time he may be legally subject to the control of the latter. This may be done when

the property is the fruit of the minor's earnings, if it be obtained by the consent of the father, that it shall be his. Complaint is made, that the instructions upon the right of the son, to hold property so acquired, were erroneous.

Instructions to the jury, when matter of exception in law, may properly be considered in connection with the evidence reported, bearing upon the point on which the instructions were given. In this case, under the instructions and the evidence, the jury must have found, that the father had suffered the plaintiff, his son, " to go from him, and work for his own support, and make contracts for himself without interference," and that the plaintiff was interested as the owner, in part at least, of the goods alleged to have been converted by the defendant. This was sufficient to enable the plaintiff to recover, other necessary facts existing, notwithstanding emancipation, as the term is generally understood, may not have been properly inferable, from the facts supposed in the instructions.

The requested instructions to the jury, which were not given, were properly withheld. If two persons are the owners of chattels as tenants in common, the entire appropriation of the whole by any one to the absolute exclusion of the other, is a conversion, and will entitle the party so deprived of possession in common, to maintain an action for the value of his property in damages. *Bryant* v. *Clifford*, 13 Met. 129.

The jury were instructed, " that to recover, the plaintiff must show, that he owned the goods, and there was a conversion by the defendant; that to make a conversion, there must be a demand, and a refusal to deliver, by one having the goods in possession, unless the defendant had by force prevented the plaintiff from getting possession, or in some way withstood his efforts to get them, and in that case, it would be a conversion, whether the defendant had possession or not." The proposition, that the use of force by one not having possession of goods, to prevent the true owner from obtaining them, amounts to a conversion of

those goods, is not sustained as sound in principle. The authorities cited by the defendant's counsel are decisive against its correctness.

In an action of trover, the plaintiff waives all claim to damages on account of a violation of his *possession*, and claims indemnity for the *loss* of the property itself and nothing further. And the property having become, by the conversion, that of the person who converted it, it follows, from the waiver, that the worth of the goods at the time of the tortious taking is *prima facie* the measure of damages. *Chamberlin* v. *Shaw*, 18 Pick. 278. If a defendant in an action of trover, has no possession actual or constructive, at the time, of a demand by the owner, and a refusal by him to deliver the property, and there has been no tortious taking or withholding of the same previously, he cannot restore the chattel, and he is absolved from liability, notwithstanding he may forcibly interpose obstacles, in order to prevent the owner from obtaining the possession sought. And it has been held, that when the plaintiff relies only upon a demand and a refusal, as evidence of conversion by the defendant, he must also show that the latter had the power to give up the goods. 2 Greenl. Ev. § 644; 3 Stark. Ev. 1497.

*Exceptions sustained.—New trial granted.*