ISAAC N. DAVIS & *als. versus* BENAJAH BUFFUM.

When chattels are so far annexed to the freehold as to become fixtures, they pass to a grantee of the land unless expressly excepted in the conveyance; but, if he was aware that the fixtures had been annexed by a lessee, then in possession, he would acquire no right by the conveyance to prevent the removal of them by the lessee before the expiration of his lease.

All fixtures are, for the time being, part of the freehold; and, if any right to remove them exists in the person erecting them, this must be exercised during the term of the tenant, and if this is not done, the right to remove is lost; and trover cannot be maintained for a refusal to give them up.

The mere giving a deed of land leased, the lessee continuing in quiet possession, cannot be deemed a conversion of fixtures, which the tenant has the right to remove during his term.

If, at the time of demand, the defendant had neither actual nor constructive possession of the property; no right to it nor control over it, and therefore could not comply, a demand and refusal only will not support an action of trover.

ON REPORT from *Nisi Prius.*

This was an action of TROVER for a box board sawing machine, an edging saw and table, a cutting saw and appar-

atus and two mill saws, all alleged to be of the value of five hundred dollars.

*Howard & Strout*, for the plaintiffs.

*T. M. Hayes*, for the defendant.

The facts in the case sufficiently appear from the opinion of the Court, which was drawn up by

APPLETON, C. J.—On the 7th of January, 1854, the de- fendant leased his saw mill to Samuel Mitchell and A. C. Grant, who put the machinery, which is the subject matter of the present suit, in the same. After remaining some- time in possession of the premises leased, they assigned the lease and sold the machinery to the plaintiffs, who there- upon entered and occupied. During their occupation, and before the expiration of the term, the defendant, by deed of warranty, dated Dec. 15th, 1854, conveyed his mill, "be- ing known as the Buffum mill, * * with the privileges and appurtenances thereto belonging," to Joseph Dane, jr., and Oliver Perkins, jr., to whom the plaintiffs attorned, paying to them rent during the residue of the term, which expired the last of July, 1855, when they quit the premises, leaving their machinery therein. On or about the 1st of Septem- ber following, they made a demand upon the defendant for the articles in controversy.

It appears in evidence that the defendant, before execut- ing his deed, claimed the machinery to be so affixed to the mill as to have become a part of the realty and not remove- able—and that his grantees, after its execution, claimed that they were owners of the same, but neither they nor the defendant ever interfered with the plaintiffs' possession or use of the same during the continuance of the lease, nor then, nor at any other time, prevented their removing the same.

When chattels are so far annexed to the freehold as to become fixtures, they pass, in all cases, to a grantee of the land, unless expressly excepted in the conveyance ; *Preston*

*v. Briggs*, 16 Vt., 124; and become the property of a mortgagee as against a mortgager. *Butler* v. *Page*, 7 Met., 40; *Corliss* v. *McLagin*, 29 Maine, 115. So the judgment creditor acquires them by a levy on the real estate of his debtor. *Trull* v. *Fuller*, 28 Maine, 544. But, in the case at bar, Dane and Perkins were aware of the plaintiffs' lease and their rights under the same, and could, therefore, acquire no rights as against them, though, perhaps, they might have had a claim against their grantor on the covenants of his deed. *Powers* v. *Dennison*, 30 Vt., 752.

As between landlord and tenant, the latter may, during the continuance of his lease, remove fixtures erected by him for purposes of trade, manufacture or ornament, when the removal can be effected without permanent injury to the freehold. But this removal must be made during the continuance of the lease. In *Leader* v. *Honewood*, 94 E. C. L., 544, it was held that an out going tenant has no right to enter for the purpose of severing and removing fixtures, after the expiration of his term and a new tenant has been let in possession. The general rule is, "that fixtures go, at the expiration of the term, to the landlord, unless the tenant has during the term exercised the right to remove." *Heap* v. *Barton*, 12 C. B., (74 E. C. L.,) 274. "All fixtures," observes REDFIELD, J., in *Preston* v. *Briggs*, 16 Vt., 124, "for the time being are part of the freehold, and, if any right to remove them exists in the person erecting them, this must be exercised during the term of the tenant, and, if this is not done, the right to remove is lost, and trover cannot be maintained for a refusal to give them up." And such seems to be the law as determined in *Stockwell* v. *Marks*, 17 Maine, 455; in Massachusetts, in *Gaffield* v. *Hapgood*, 17 Pick., 192; in *Shephard* v. *Spaulding*, 4 Met. 416; in New Hampshire, in *State* v. *Elliott*, 11 N. H., 540, and *Conner* v. *Coffin*, 2 Foster, 541; and in Connecticut, in *Burr* v. *St. John*, 16 Conn. 522. It was, however, held by JARVIS, C. J., in *Heap* v. *Barton*, 12 C. B., 274, "that the tenant may remove the fixtures, notwith-

standing the term has expired, if he remains in possession of the premises." But the plaintiffs' right of removal, whatever it was, remained unimpaired and unaffected by the defendant's deed to Dane and Perkins, and they might at any and all times have exercised it, during the lease, had they so chosen.

This being an action of trover, the only question presented is, whether the plaintiffs have shown an act of conversion on the part of the defendant.

The plaintiffs claim to recover on the ground that the defendant's deed to Dane and Perkins was *per se* a conversion — before the expiration of his lease.

But this is not so. When that deed was executed the plaintiffs were in the undisturbed enjoyment of their property and so remained during the whole duration of the lease. The deed of the defendant conveyed nothing he did not own; certainly not to grantees with notice of all the facts. The giving a bill of personal property in the possession of a third person, who is the owner of the same, without any other interference therewith or delivery thereof, is not, as against such owner, a conversion by either the person giving or receiving such bill of sale. In *Fuller* v. *Taber*, 39 Maine, 519, the plaintiff brought an action of trover for a building, which had been placed on the land of another by his precedent consent, or subsequent assent. The defendant, when a demand was made, said he had bought it and paid for it. The Court instructed the jury that, taking a quitclaim deed of the land and building and putting it on record, would not *of itself* constitute a conversion on the part of the individual so receiving the deed. Neither can the mere giving a deed of land leased, the lessee continuing in quiet possession, be deemed a conversion of fixtures which the tenant has the right to remove during his term. The lease was as valid after as before the deed. The rights of the lessee remained the same. The deed was no more a conversion of the tenant's fixtures than it was a breach of the covenants of the lease. The mere taking a mortgage

of personal property from one having no title and recording the same, without taking possession of the mortgaged property or interfering with the same, constitutes no conversion for which trover will lie. *Burnside* v. *Twitchell*, 43 N. H., 390.

The demand of the plaintiffs in September, after they had quitted the premises, constituted no conversion. A demand and refusal are not necessarily a conversion but only evidence from which a conversion may be inferred. After the expiration of the lease the tenant's right of removal ceased. "Fixtures," remarks ALDERSON, B., in *Winshall* v. *Lloyd*, 2 Mees. & Wels., 450, cannot become goods and chattels until the tenant has exercised his right of making them so, which he can only exercise during his possession. The moment that expires he cannot remove them ; and trover cannot therefore be maintained for them." In *McIntosh* v. *Trotter*, 3 Mees. & Wels., 184, it was held that a lessee could not, even during his term, maintain trover for fixtures which were *attached to* the freehold, and that a sale of them was not a conversion. " Would trover lie for a crop of standing corn?" inquired PARKE, B. Nor could the tenant maintain trover against his landlord for not permitting him to enter after his lease had expired, to remove fixtures which he had erected. *Stockwell* v. *Marks*, 17 Maine, 455.

When this demand was made, the defendant had neither actual nor constructive possession of the property demanded. He had no right to it nor control over it. He could not therefore comply with the demand. In such cases a demand and refusal only, will not support an action of trover. *Kelsey* v. *Griswold*, 6 Barb., 436. A defendant, in an action of trover, cannot be deemed guilty of a conversion of the property upon evidence of a demand and refusal merely, unless the property was in some way subject to his control. *Yale* v. *Saunders*, 16 Vt., 243. So if the defendant has not the power to comply. *Carr* v. *Clough*, 6 Foster, 280 ; *Boobier* v. *Boobier*, 39 Maine, 406. *Plaintiff nonsuit.*

DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.