MONTPELIER & WELLS RIVER RAILROAD COMPANY *v.*
DANIEL COFFRIN.

*Original Jurisdiction of County Court. Estoppel.*

In trover for wood of the value of more than $200, it appeared that after defendant
converted the wood, and after the action was brought, plaintiff took the wood and
used it. *Held*, that the County Court had original jurisdiction when the action
was brought, and that it was not ousted thereof by plaintiff's subsequent appro-
priation of the wood.

Defendant attached the wood on February 1, as an officer, at suit of a bank, by leav-
ing a copy of the writ in the town clerk's office. The owners of the wood, who
were lumbermen, continued to manufacture wood and lumber from about that
time, and to sell and ship it at their discretion, with the knowledge and consent of
defendant, who was one of the officers of the bank, and with the implied consent
of the other officers of the bank. At some time in April or May, they sold the
wood in question to plaintiff, and sawed it and put it into plaintiff's shed. On
May 23, defendant completed service of his writ, and afterwards, having obtained
judgment, took out execution and sold the wood thereon ; whereupon this action
was brought. *Held*, that defendant and the bank, having permitted the owners
to sell, were estopped from questioning their right so to do.

TRESPASS and trover for two hundred and nineteen cords of
wood. Plea, general issue, with notice. Trial by the court,
REDFIELD, J., presiding, March Term, 1879. The facts were as
follows :

On February 1, 1877, the defendant, as deputy sheriff, attached
a quantity of wood, including the wood in question, on a writ
issued at suit of the Passumpsic Savings Bank, of St. Johnsbury,
against R. E. Peabody & Co., lumbermen, of Groton, by leaving
a copy of the writ in the town clerk's office. The wood was
afterwards, in February and March, drawn out and piled along and
near the line of the plaintiff's railroad, which ran over the land
of Peabody & Co. Soon after that attachment was made Peabody
called a meeting of his creditors, and a paper was drawn and
signed, which he then, and for four months from the time of the
attachment, supposed to be binding, but which was in fact never
complied with. Peabody & Co. continued to manufacture wood
and lumber from the time of that meeting to May 26, and to sell
and ship the same at their discretion, with the knowledge and

consent of the defendant, who was one of the officers of the bank, and with the implied consent of the other officers of the bank. They sold the wood in question to the plaintiff some time in April or May, and sawed it and put it into the plaintiff's shed, near the railroad track. On May 23, the defendant completed service of the writ by giving Peabody a copy thereof; and, on the 26th, he gave the plaintiff's superintendent notice to ship no more wood from that station, as it was under attachment. The bank obtained a judgment in its suit in December, and, on January 1, 1878, took out execution, on which, in the following May, the defendant sold the wood to A. J. Willard, the bank's agent; after which, the plaintiff, having brought this action, converted the wood, which up to that time had not been used, to its own use. Neither the defendant nor the bank ever took any possession of the wood or interfered with the plaintiff's possession, except as above stated. At the time of the attachment and sale, the value of the wood was over $200.

After the testimony was all in, the defendant moved to dismiss for want of original jurisdiction; but the court overruled the motion; to which the defendant excepted. The court rendered judgment for the plaintiff for one cent damages and cost; to which the defendant excepted.

*A. J. Willard*, for the defendant, cited, on the question of estoppel, *Shaw* v. *Beebe*, 35 Vt. 204; *Soper* v. *Frank*, 47 Vt. 368; *Burnell* v. *Maloney*, 39 Vt. 579; *Wooley* v. *Edson*, 35 Vt. 214; *Bucklin* v. *Beals*, 38 Vt. 653. On the question of jurisdiction he cited Redfield J., in *Learned* v. *Bellows*, 8 Vt. 79; Davis, J., in *Joyal* v. *Barney*, 20 Vt. 154; *Clark* v. *Crosby*, 37 Vt. 188; *Kittridge* v. *Rollins*, 12 Vt. 541.

*S. C. Shurtleff*, for the plaintiff, cited *Irish* v. *Cloyes*, 8 Vt. 30; and *Yale* v. *Saunders*, 16 Vt. 243, on the question of jurisdiction; and on the question of whether trespass or trover could be maintained, he cited *Hart* v. *Hyde*, 5 Vt. 328; *Brown* v. *Scott*, 7 Vt. 57; and *Tinker* v. *Morrill*, 39 Vt. 477.

The opinion of the court was delivered by

ROYCE, J. The motion to dismiss was properly overruled. The value of the property sued for is found to have exceeded $200. The County Court had jurisdiction at the commencement of the suit, and upon the facts found, the plaintiff would have been entitled to a judgment for the value of the property at the time of the sale by the defendant, if he had not subsequent to the commencement of the suit appropriated it to his own use. The County Court could not be ousted of its jurisdiction by the return of the property, or by the appropriation of it by the plaintiff. Where property has been converted, or has been wrongfully taken, its return by the defendant, or its having been appropriated for the benefit of the plaintiff after action brought, is only available in mitigation of damages. *Irish* v. *Cloyes*, 8 Vt 30 ; *Yale* v. *Saunders*, 16 Vt. 243.

The only other question presented is, whether the plaintiff had title to the wood at the commencement of the suit. The Passumpsic Savings Bank, by virtue of the attachment made by them, acquired a lien upon the wood, and having obtained judgment and execution and levied it upon the wood, and by the defendant its officer sold the wood upon the execution, the act of the defendant in making such sale was justifiable, and the purchaser at such sale acquired title, unless the defendant and the bank or its officers have so conducted with reference to the property that they are estopped from setting up such levy and sale to defeat the plaintiff's title. From the time of the meeting which was held by Peabody and his creditors, and which was soon after the attachment made by the bank, to the 26th day of May, Peabody & Co. continued to manufacture wood and lumber, and shipped and sold the same as they chose, with the knowledge and consent of the defendant, and with the implied consent of the officers of the bank. The consent thus given by the defendant and the officers of the bank, gave Peabody & Co. a general right to sell such of the property as they might choose to sell. Peabody & Co. having such right to sell, a purchaser from them would acquire good title as against any claim that the defendant or the bank might make. The defendant and the bank by its officers having consented that

Peabody & Co. might make the sale, the defendant and the bank are estopped from questioning their right to make it, and thus defeating the title of the plaintiff.

*Judgment affirmed.*