WILLIAM B. HOPPER, Respondent, v. JOHN R. VANCE, Appellant.

Kansas City Court of Appeals, October 24, 1887.

CONTRACT FOR SALE OF FENCE —EFFECT OF SALE OF LAND, AFTER PURCHASE OF IT, BY THE PURCHASER—CASE ADJUDGED.—In an action for the price or value of a fence, it appeared that, after the alleged sale and purchase, the purchaser sold the premises to a third party, conveying by warranty deed without any reservation as to the fence. *Held*, that the naked act of conveying, without any reservation, did not give the seller a cause of action for the value of the fence ; that it may be evidence of his claim to the fence under the contract alleged by plaintiff, but for no other purpose ; that, like any other similar evidence, it should not be especially commented on in the instructions or be excluded by them.

APPEAL from Saline Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action arose in a justice's court. The statement contained two counts. The first alleged, in substance, that on the —— day of ————— 1883, the plaintiff was the owner of a certain fence ; that the plaintiff sold said fence to the defendant, the defendant agreeing to pay him therefor, the value to be fixed by one Orr ; that said Orr fixed the value at seventy-five dollars ; that defendant accepted said fence, but has failed and refused to pay for the same. The second count alleges a simple sale of the fence to defendant for which defendant agreed to pay the reasonable value thereof. The plaintiff's evidence, on the trial in the circuit court, tended to show that for several years prior to the alleged contract plaintiff occupied the premises on which the fence stood as lessee under the owners of the fee ; that during

his tenancy he erected the fence in controversy, with the right of removing the same at the end of his tenancy. In the spring of 1883 the owners of the fee sold the same, by deed of warranty, to the defendant, notifying defendant at the time that the fence belonged to plaintiff, and that the same was not intended to be conveyed by the deed, to which defendant assented. Defendant recognized the fact of plaintiff's ownership of the fence by afterwards negotiating with him for the purchase of the same. The plaintiff's evidence further tended to show that he proposed to sell the fence to defendant, and that defendant agreed to take the same at a valuation to be put thereon by any one of three named persons; and that at least one, and probably two, of the persons so selected did value the fence at the sum of seventy-five dollars, of which fact defendant was notified. The evidence further showed that in the fall following the defendant sold and conveyed the premises to a third party, making a warranty deed without any reservation as to this fence. The defendant's evidence was to the effect that he agreed to take the fence, for a fence, to be valued by three named persons as a fence, and not for any other purpose; that said named persons never so valued the fence, and that he had no notice thereof; that he had in nowise interfered with the fence, the plaintiff continuing in possession of the premises, as tenant, up to the time of the said sale by defendant.

On this state of the proofs, the court gave, among others, the following instruction to the jury:

"If the jury believe, from the evidence, that, at the time Vance bought the land, he knew that the fence in controversy was Hopper's, and that, afterwards, Vance conveyed said land, upon which said fence was situated, to Huston, and conveyed the same to him by warranty deed, without a reservation of the fence, the jury will find for plaintiff, for such sum as they may believe, from the evidence, said fence was worth at the time of

said conveyance, to-wit: November 23, 1882, with interest, as stated in the other instructions."

The jury returned a verdict for the plaintiff, for the sum of sixty-one dollars and some cents.

D. D. DUGGINS and SAMUEL DAVIS, for the appellant.

I.  The court erred in instructing the jury "to find for plaintiff, if they believe, from the evidence, that defendant conveyed the land on which said fence was situated to another, by warranty deed, without reserving the fence, and to fix the value of the fence at what the evidence showed it to be worth at the time of making said deed," thus permitting plaintiff to recover upon a cause of action different from that set out in his statement.

II.  It is not the law, that the mere fact of the conveyance, without the reservation, constituted a conversion of the fence by defendant, when the evidence shows that plaintiff was in possession of the land as tenant of defendant, and in possession, and when he quit possession, did so without removing, or attempting to remove, said fence ; and, also, that neither defendant nor his grantee, in any way, prevented plaintiff from removing said fence, or set up any claim or title to the same.   That this is not the law is well settled.   *Walsh v. Sichler*, 20 Mo. App. 374; *Kerr v. Kingsbury*, 33 Am. Rep. 362.

III.  The first instruction, asked by the defendant, should have been given without amendment.   It covered the whole case.

IV.  The court erred in giving plaintiff's first instruction.   There was no evidence showing a sale in the delivery of the fence to defendant by plaintiff, and the only act of defendant tending to show an acceptance of the fence was the making of the warranty deed to Huston, which, as shown by authorities above, did not constitute a conversion.

V. There was no such compliance with the agreement to submit the matter of value of fence as to bind plaintiff in error, because the matter was to be submitted to three persons, when only one of the three acted, with a person named Jackson, not agreed upon by either plaintiff or defendant; and the court erred in refusing instruction number four, asked by the plaintiff in error, as there was evidence that those three men mentioned in said instruction were agreed upon as referees. The referees acted without authority, and upon matter not submitted, and their decision was not binding. *Squires v. Anderson*, 54 Mo. 193.

BOYD & SEBREE, for the respondent.

I. This case was tried in the court below on the first count of the plaintiff's petition. This is shown by the answer of the defendant, the evidence, the instructions, and the verdict. There was no evidence to support the second count.

II. Even if the second instruction of plaintiff is not the law, it could not have misled the jury, for the reason that there being no evidence to support it, it could not have misguided them. That being the case, it would be a harmless error, and not ground for reversal. *Rowell v. City of St. Louis*, 50 Mo. 92 ; *Blewett v. Railroad*, 72 Mo. 583 ; *Noble v. Blount*, 77 Mo. 235-9.

III. Where there are two counts in the petition, and there is evidence to support one of the counts, and not sufficient evidence to support the other, error as to the count that is not sustained by the evidence cannot affect a general verdict. *Allen v. Railroad*, 84 Mo. 653 ; *Dougherty v. Railroad*, 62 Mo. 554.

IV. The first instruction for plaintiff and the second instruction for the defendant, and the instruction for defendant shown by appellant's abstract, all presented the questions fairly to the jury. The verdict is sustained by the evidence, and a new trial would not likely work a different result. This court will not interfere with the judgment under such circumstances.

Philips, P. J.—It is unfortunate for the plaintiff, in so unimportant a controversy, that he should have invited the trial court to commit the blunder of giving this declaration of law, as he had proof sufficient to have warranted the jury in finding a verdict for him without invoking a false principle of law. This instruction in plain terms told the jury that if defendant knew, at the time of his purchase of the land, that the fence belonged to plaintiff, then the mere fact that defendant afterwards conveyed the land by deed, without any reservation as to the fence, entitled the plaintiff to a verdict. In the first place this was a clear departure from the cause of action stated in the complaint. Even had it been an action in trover, or *assumpsit* founded thereon, it is not the law that the naked act of conveying the land by deed without any reservation of the fence gave the plaintiff a cause of action for the value of the fixture. *Walsh v. Sichler*, 20 Mo. App. 374. The instruction wholly ignores the existence of any contract, as alleged in the petition. We cannot hold, as suggested by counsel for plaintiff, that this instruction was harmless. The conflict of evidence respecting the contract of sale of this fence, was such as not to warrant this court in saying this misdirection of the jury was not probably hurtful or prejudicial to the defence.

As the cause is to be reversed for this error, we deem it well enough to suggest, that, in the further proceeding in this case, the trial court should avoid, in any instructions given, presenting the act of making a deed by defendant, conveying the premises without any reservation of the fence, as tantamount to an appropriation or acceptance of the fence by defendant. It may be competent evidence to go to the jury, bearing on the question as to whether the defendant recognized the fence as his under the contract alleged by plaintiff; but

for no other purpose. And like any other similar evidence it should not be especially commented on in the instructions, or be excluded by them.

The other judges concurring, the judgment of the circuit court is reversed, and the cause remanded for further proceeding in conformity with this opinion.